## Wigginton, et al. v. Wigginton's Executor, et al.

(Decided November 18, 1924.)

### Appeal from Nelson Circuit Court.

1. Appeal and Error—Decision on Appeal Law of Case on Second Trial.—Determination on appeal that jury should have been directed to return verdict sustaining will was law of case on second trial, and, unless new evidence was introduced tending to show invalidity of the will, trial court was bound to direct verdict sustaining will.

2. Wills—Possession of Violent Temper no Evidence of Testimentary Incapacity.—Possession of violent temper is no evidence of testamentary incapacity.

3. Wills—Evidence of Transaction Between Testator and Daughter Held Not Admissible as Bearing on Insane Delusions.—Evidence of transaction between testator and his daughter, revolting in its nature, held not admissible as tending to show insane delusions.

4. Appeal and Error—Depositions Properly Excluded where they Contained Hypothetical Questions Including Incompetent Evidence.— Where there was incorporated into hypothetical questions in depositions in will contest, evidence expressly declared by Court of Appeals on previous appeal to be incompetent, and not rendered competent on second trial by other evidence, depositions were properly excluded.

5. Evidence—Expert Opinion Must be Based on and Relate to Facts Proved.—Expert opinions must be based upon and relate to facts proved in case.

THAD CHEATHAM for appellants.

KELLEY & KELLEY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellants, Annie B. Wigginton, et al., prosecute
this appeal from the judgment of the Nelson circuit court
adjudging the writings in controversy to be the last will
and testament of J. M. Wigginton, deceased.    Judg-
ment was rendered on the verdict of a jury peremptorily
instructed so to find.    This is the second appeal of the
case, the opinion on the former appeal appearing in 194
Ky. 385.    That appeal was prosecuted from a judgment
rendered upon a jury's verdict that found the papers in
question not to be decedent's will.    By the former opin-
ion the case was reversed with directions that upon an-
other trial, if the evidence be substantially the same, the
jury should be directed to return a verdict sustaining the
will and codicil.

It is insisted for appellants that sufficient additional
evidence of testator's insane delusions and mental un-
soundness was produced to authorize the submission of
the question to the jury.    The opinion in the former case
at length and in detail stated the evidence introduced
upon the first trial and exhaustively treated of the law
applicable to the questions in issue.    That opinion, of
course, is conclusive as the law of this case.    Unless those
contesting testator's will produced new evidence tending
to establish testator's lack of mental capacity the trial
court was bound by the former opinion to peremptorily
instruct the jury as he did.

When the case was retried appellants, who were con-
testing the will, introduced six new nonexpert witnesses.
We have carefully read the testimony of these new wit-
nesses and we find that their testimony in the main is
addressed to the outbursts of violent temper which de-
cedent displayed at times, which were also testified to
by a number of the witnesses upon the first trial and
which this court held in the former opinion did not pro-
duce proof of mental unsoundness on the part of testator
sufficient to authorize the submission of that question to
the jury.    If the fact that testator possessed a violent
temper was sufficient to carry that question to the jury,
there was sufficient evidence of that fact on the first trial
to have authorized its submission.    The mere fact that
additional witnesses testify as to the same fact is not

sufficient to carry the case beyond the mandate of this court in its former opinion.

In addition appellants introduced a former tax assessor of Nelson county who gave it as his opinion from a transaction had with testator some three years prior to the execution of the will and codicil that he was a man of unsound mind. However, that transaction as detailed by the witness when subjected to careful consideration discloses that there was no evidence in fact upon which the witness could base such conclusion. It was drawn from the fact that testator on an occasion when the witness was taking his list for purposes of taxation did not seem to remember whether he then owned eight or twelve head of cattle, or to be able to place a valuation upon the same. As the facts were detailed by the witness, we are impressed that what was said and done on the occasion was merely an effort by testator to list for taxation as small a quantity of property as he could at as small a valuation as possible, indicating judgment and reason rather than the lack of them.

Upon the former trial of the case there was permitted to go to the jury the evidence of one of testator's daughters, Annie B. Wigginton, of a transaction between her father, the testator, and herself too revolting in its nature and details to be reproduced here in print. That evidence was admitted upon the theory that it tended to establish that testator was possessed of an insane delusion that controlled him in the making of his will. We held upon the former appeal, and for the reasons set forth in the opinion at length, that the testimony was incompetent for that purpose. Appellants claim to have introduced sufficient additional evidence to meet the objection to its introduction, as set forth in the former opinion, and now contend that the action of the trial court upon the second trial in refusing to permit that evidence to go to the jury was erroneous. As we read the new evidence introduced on that subject, none of it is shown to have had any connection with or any reference to the transaction directed by the former opinion to be excluded from the jury upon another trial. One or two new witnesses testified upon the second trial that testator had said to them that if his daughter, Annie B. Wigginton, had stayed with him and had done what he wanted her to he would have willed her everything he had. Nothing else testified to by these witnesses that testator said in

those conversations tends in the least to establish that testator by saying, "If Annie B. had done what I wanted her to do I would have willed everything I have to her," had in mind or had any reference at all to the transaction testified to by Annie B. Wigginton. Besides if, contrary to reason, we should assume that he had reference to that transaction it would demonstrate that with reference to it testator was calculating and was actuated by mental processes of reasoning rather than that he was controlled by an insane delusion. Neither does the testimony of one or two of the witnesses that testator was fond of talking about the ladies and of being teased about them have any connection with the transaction testified to by Annie B. Wigginton or evidence in any manner that he was controlled by an insane delusion. That transaction upon the second trial was subject to all the objections to it as evidence of mental delusions upon the part of testator that it was upon the first and the trial court properly withheld it from the jury's consideration for that purpose.

Before the second trial appellants took the depositions of some five or six eminent doctors of medicine who, upon a hypothetical state of facts submitted to them, gave it as their opinion that testator was a man of unsound mind. Exceptions to the depositions were filed before the trial of the case, and, upon the trial of the exceptions, the lower court held the depositions to be incompetent and refused to permit them to be read. Appellants contend vigorously that the depositions were competent. We cannot so hold. There was incorporated into the hypothetical questions put to these learned alienists all the evidence expressly declared by this court in its previous opinion to be incompetent to be considered in determining the question of testator's soundness or unsoundness of mind. As we have shown above, no additional testimony was introduced to overcome the objection to that testimony as pointed out in the previous opinion. It is fundamental that the expert opinion must be based upon and relate to the facts proved in the case. (See Ky. Traction & Terminal Co. v. Humphrey, 168 Ky. 611, and the authorities therein cited.) The hypothetical facts submitted to each of the experts reduced to writing cover some twelve pages of the typewritten record. Approximately four pages of it recite the facts expressly declared to be incompetent by the former opinion. The

same facts were properly excluded from the jury upon the second trial. It follows that the opinion of the experts, predicated largely upon facts not proved but expressly declared to be incompetent, was properly held to be incompetent to go to the jury.

Upon the whole case we are of the opinion that none of the new testimony introduced by appellants upon the second trial of the case substantially changed the evidence of the former trial. The giving of the peremptory instruction to find the will and codicil to be the last will and testament of J. M. Wigginton was proper under the directions of this court in its former opinion herein. Hence, the judgment appealed from herein is affirmed.